PER CURIAM:
The claimant, Joseph Hall, seeks an award of $871.00 from the respondent, Division of Highways, for damage to his 1995 Hyundai Sonata. The damage occurred on January 4, 1996, at approximately 9:00 p.m., while the claimant was driving on Route 65/5 in Mingo County. During the drive, the claimant’s vehicle struck a large hole which damaged both passenger side tires and wheels. Photographs of the hole indicated that it was several inches deep and extended from the edge of the pavement into the traveled portion of the roadway. As a result of the damage to his vehicle, the claimant purchased three new tires and a new wheel.
The record established that Route 65/5 is a second priority road which carries a substantial amount of coal truck traffic. Cecil Collins, a transportation worker for the respondent in Mingo County, testified that road crewmen in Mingo County were engaged in snow removal and ice control activities during the latter part of December 1995, and early part of January 1996. According to Mr. Collins snow removal and ice control work was a first priority maintenance activity which must take precedence over other types of maintenance work.
In West Virginia, the respondent has a duty to exercise reasonable care and due diligence while maintaining roads under all types of circumstances. Although this Court is well aware that snow removal and ice control activities are high priority maintenance activities which normally take priority over patching activities, there are occasions when a defective road condition should be addressed. Where an unusually large hole in a road presents an unreasonable and unexpected hazard to motorists, the respondent has a duty to warn motorists of the road defect until the defect can be corrected. This duty does not require that the respondent utilize its resources in such a manner to achieve the greatest benefit possible for motorists throughout the State.
After a careful review of the record in this claim, the Court finds that an unusually large hole existed in the traveled portion of Route 65/5, and the respondent should have provided notice to motorists of the road defect. Therefore, the Court makes an award to the claimant in the amount of $609.40 for the cost of replacing two tires and a wheel on his vehicle.
*112 Award of $609.40.